IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

DARYL JEAN KATSUKO          )     CIVIL 16-00014 LEK-KJM
WHITTINGTON,               )
                           )
          Plaintiff,       )
                           )
     vs.                   )
                           )
THE BANK OF NEW YORK MELLON )
FKA BANK OF NEW YORK, AS    )
TRUSTEE FOR THE            )
CERTIFICATEHOLDERS OF CWMBS,)
INC., CHL MORTGAGE PASS-    )
THROUGH TRUST 2005-24,      )
MORTGAGE PASS-THROUGH 2005- )
24, SHELLPOINT MORTGAGE     )
SERVICING, MORTGAGE         )
ELECTRONIC REGISTRATION     )
SYSTEMS, INC.,             )
                           )
          Defendants.      )
_____ )

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS COMPLAINT FILED JANUARY 13, 2016**

On March 28, 2016, Defendants The Bank of New York

Mellon, formerly known as Bank of New York, as trustee for the

Certificate Holders of CWMBS, Inc., CHL Mortgage Pass-Through

Certificates, Series 2005-24 ("BONY"); New Penn Financial LLC,

doing business as Shellpoint Mortgage Servicing ("Shellpoint");

and Mortgage Electronic Registration Systems, Inc. ("MERS," all

collectively "Defendants") filed their Motion to Dismiss

Complaint Filed January 13, 2016 ("Motion"). [Dkt. no. 7.]  Pro

se Plaintiff Daryl Jean Katsuko Whittington ("Plaintiff") filed

her memorandum in opposition on May 4, 2016, and Defendants filed

their reply on May 13, 2016.[1]  [Dkt. nos. 20, 22.]  The Court has

found the Motion suitable for disposition without a hearing

pursuant to Rule LR7.2(d) of the Local Rules of Practice of the

United States District Court for the District of Hawai`i ("Local

Rules").  [EO: Court Order Vacating Hearing on Defs.' Motion to

Dismiss Complaint Filed January 13, 2016, filed 5/4/16 (dkt. no.

19); 5/5/16 EO at 2.]  After careful consideration of the Motion,

supporting and opposing memoranda, and the relevant legal

authority, Defendants' Motion is HEREBY GRANTED IN PART AND

DENIED IN PART.  The Motion is GRANTED insofar as all of

Plaintiff's claims are HEREBY DISMISSED.  The dismissal is WITH

PREJUDICE, except as to the two portions of Plaintiff's claims

that are specifically identified in this Order.

## BACKGROUND

Plaintiff filed this action in this district court

based on diversity jurisdiction.  [Complaint for 1) Breach of

Contract 2) Declaratory Relief ("Complaint"), filed 1/13/16 (dkt.

no. 1), at ¶ 13.]  According to the Complaint, Plaintiff is the

owner of a parcel of real property on Makaaoa Place in Honolulu,

Hawai`i ("the Property").  [Id. at ¶ 1.]  On August 11, 2005,

---

[1] Defendants filed their original reply on May 2, 2016,
[dkt. no. 18,] noting that Plaintiff had not filed a response to
the Motion.  On May 5, 2016, this Court issued an entering order
("5/5/16 EO"), stating that it would consider Plaintiff's
memorandum in opposition even though it was untimely.  [Dkt. no.
21.]  The 5/5/16 EO allowed Defendants to file a reply to
Plaintiff's memorandum in opposition.

Plaintiff and her husband, Jeffrey Alan Whittington, executed a $650,000 promissory note ("Note"), secured by a mortgage on the Property ("Mortgage").  [Id. at ¶ 19.]  The original lender was First Magnus Financial Corporation, an Arizona Corporation ("First Magnus"), but the loan was later sold to a securitized trust.[2]  [Id. at ¶¶ 21-22.]

Plaintiff's first claim alleges breach of contract. She alleges that BONY breached the Note "by failing to abide by the Pooling and Servicing agreement [("PSA")] governing the securitization procedure."  [Id. at ¶ 23.]  Plaintiff also alleges that Shellpoint, the loan servicer, [id. at ¶ 55,] breached the Note "by failing to timely notify Plaintiff of a change in the Loan characteristics" [id. at ¶ 24].  Further, Plaintiff alleges that MERS is the original Nominee under the Mortgage, and it "participa[ted] in the imperfect securitization of the Note and the Mortgage" and failed to record, except on its own website, the transfer of interest in her loan.  [Id. at ¶¶ 12, 25.]

The primary theories supporting Plaintiff's breach of contract claim are: 1) her Note and Mortgage are unenforceable because the documents were separated at origination; 2) various transfers of her loan are void because the transferring documents

---

[2] Elsewhere in the Complaint, Plaintiff asserts that First Magnus sold her Mortgage, but did not sell her Note.  [Complaint at ¶¶ 122-23.]

3

were not recorded in the State of Hawai`i Bureau of Conveyances
("BOC"); 3) Defendants violated certain requirements of the PSA
which governs the BONY securitized trust ("Trust") that her loan
was purportedly sold to; and 4) Defendants failed to provide her
with certain notices that were required under the Note and/or the
Mortgage.  The alleged violations of the PSA include the failure
to execute required assignments prior to the closing date of the
Trust and the failure to verify the Chain of Endorsements and the
Chain of Title.  She also argues that the securitization process
and MERS's role in that process have clouded the issue of what
entity actually owns her loan.  Plaintiff therefore asserts that
Defendants do not actually own her loan, and none of them is the
beneficiary or the trustee under the Mortgage.  In other words,
there is no perfected chain of title between the loan originator
– First Magnus – and BONY – which claims to be the holder and
owner of Plaintiff's Note and the beneficiary of her Mortgage.
She contends that the lack of a proper transfer of her loan to
BONY renders her Mortgage null and void, and therefore BONY does
not have any beneficial interest in the Property.

Plaintiff also attempts to allege violations of
specific provisions in the Note and Mortgage.  She points out
that paragraph 20 of the Mortgage allows the Note and Mortgage to
be sold, but she argues that paragraph 20 requires that they be
transferred together.  Thus, she alleges that the purported sale

4

of the loan without a recorded assignment of Mortgage was a breach of the Mortgage. Plaintiff points out that paragraph 16 of the Mortgage states that the Mortgage is governed by Hawai`i law, which she argues requires that changes in the beneficial ownership of a property be recorded, with the current addresses of the mortgagees. According to Plaintiff, the breaches of paragraphs 16 and 20 render the Note and Mortgage void.

Plaintiff states that, in spite of Defendants' breaches of the loan agreement, she has performed all of her obligations. Plaintiff argues that Defendants' breaches were material and were detrimental to her interest in the Property. For all of these reasons, Plaintiff alleges that Defendants do not have standing either to enforce the Mortgage or to prosecute any action regarding the Property. She claims that, because of the various breaches of the loan agreement by BONY and Shellpoint, "the entire sum of $650,000.00 is now due" and she demands that BONY and Shellpoint repay that amount.

Plaintiff's second claim seeks a declaratory judgment regarding the same issues she raised in her breach of contract claim. She seeks, *inter alia*, a declaratory judgment that: 1) the Mortgage is void because of the separation of the Note and Mortgage and because of the failure to record the assignments; 2) BONY, its successors in interest, and/or its agents do not have standing to enforce the Mortgage; and 3) Defendants do not

have standing to foreclose on the Property.  She states that

Defendants have already initiated a foreclosure action.  She also

seeks a declaratory judgment regarding the parties' obligations

and interests in the Property.

In the instant Motion, Defendants ask this Court to

dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P.

12(b)(6).[3]  They argue that Plaintiff does not state any claims

upon which relief can be granted because the securitization of

her Note does not give rise to any viable cause of action.

Defendants assert that the dismissal should be with prejudice

because it is not possible for Plaintiff to amend any of her

claims to state a viable cause of action.

## DISCUSSION

### I.   Splitting the Note

The Court first turns to Plaintiff's argument regarding

the separation of the original Note from the Mortgage.  Based on

the factual allegations of the Complaint,[4] First Magnus was the

---

[3] Rule 12(b)(6) allows a party to bring a motion asserting the defense of "failure to state a claim upon which relief can be granted."  Defendants also bring their Motion pursuant to Rule 12(e), which governs a motion for a more definite statement, but this Court concludes that the Rule 12(b)(6) analysis is more appropriate for the arguments raised in Defendants' Motion.  This Court therefore will not address whether Defendants would be entitled to relief pursuant to Rule 12(e).

[4] For purposes of the instant Motion, this Court must assume that all of the factual allegations in the Complaint are true.  However, this Court is "'not bound to accept as true a
(continued...)

original lender, but the Note was eventually sold to BONY, which asserts that it is the beneficiary of the Mortgage.  However, since the time of the loan origination, MERS has held the Mortgage as the Mortgagee and the lender's Nominee.  [Complaint at ¶¶ 21, 27, 40, 56-57.]  Plaintiff argues that separating the Note and the Mortgage was a breach of the loan contract, and she seeks a declaratory judgment that the separation rendered the Note and Mortgage void.  Plaintiff's claims fail to the extent that they are based on this "splitting-the-note" theory.

The United States Bankruptcy Court for the District of Hawai`i has stated: "Under Hawaii law, the security automatically follows the obligation.  The party entitled to enforce a promissory note secured by a mortgage may enforce the mortgage regardless of whether the mortgage was separately assigned to that party."  In re Tyrell, 528 B.R. 790, 794-95 & n.13 (Bankr. D. Hawai`i 2015) (citing In re The Mortgage Store, 509 B.R. 292, 296 (Bankr. D. Haw. 2014)).  In Mortgage Store, the bankruptcy court stated: "the collateral follows the obligation.  A transfer of a promissory note automatically transfers any security for that note."  509 B.R. at 296 & nn.10-11 (citing S.N. Castle Estate v. Haneberg, 20 Haw. 123, 130 (Haw. 1910) ("The assignment

---

[4](...continued)
legal conclusion couched as a factual allegation.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

of the notes, however, of itself operated as a matter of law as
an assignment of the mortgage and of the mortgagee's powers under
it.")).  Thus, the fact that Plaintiff's Mortgage was not
assigned to BONY simultaneously with the Note is irrelevant
because the transfer of the Note automatically transferred the
security for the Note.

Similarly, the Ninth Circuit has stated that splitting
a promissory note from the document securing it – *e.g.* a mortgage
or a deed of trust – "only renders the mortgage unenforceable if
MERS or the trustee, as nominal holders of the [security
instrument], are not agents of the lenders." Cervantes v.
Countrywide Home Loans, Inc., 656 F.3d 1034, 1044 (9th Cir.
2011).  If the holder of the security instrument is not the
lender's agent, the promissory note and the security instrument
are "irreparably split."  Id.  However, that is not the case
here.  Plaintiff's Mortgage provides that MERS "is acting solely
as a nominee for Lender and Lender's successors and assigns.
MERS is the mortgagee under this Security Instrument." [Motion,
Decl. of Andrew J. Lautenbach, Exh. A (Mortgage) at 2, ¶ C.[5]]

---

[5] As a general rule, this Court's scope of review in
considering a motion to dismiss is limited to the allegations in
the complaint.  See Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d
992, 998 (9th Cir. 2010).  "[A] court may consider evidence on
which the complaint necessarily relies if: (1) the complaint
refers to the document; (2) the document is central to the
plaintiff's claim; and (3) no party questions the authenticity of
the copy attached to the 12(b)(6) motion."  Id. (citations and
(continued...)

Thus, even though the Note was eventually sold to BONY, MERS continues to have authority to act as the mortgagee because it is the nominee for the successors and assigns of the original Lender – First Magnus – and BONY is a successor and/or assign of First Magnus.  This Court therefore FINDS that Plaintiff's Note and Mortgage are not irreparably split.

This Court CONCLUDES that, to the extent that Plaintiff's breach of contract claim is based on a "splitting the note" theory, her claim fails to state a plausible claim for relief.  See Iqbal, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955)).  This Court therefore GRANTS the Motion and DISMISSES those portions of Plaintiff's claims.  The dismissal is WITH PREJUDICE because this Court CONCLUDES that it is absolutely

---

[5](...continued)
internal quotation marks omitted).  Ordinarily, consideration of other materials requires the district court to convert a motion to dismiss into a motion for summary judgment.  Yamalov v. Bank of Am. Corp., CV. No. 10-00590 DAE-BMK, 2011 WL 1875901, at *7 n.7 (D. Hawai`i May 16, 2011) (citing Parrino v. FHP, Inc., 146 F.3d 699, 706 n.4 (9th Cir. 1998)).
        Plaintiff's Mortgage is not attached to her Complaint.  However, the Complaint refers to it, and it is central to Plaintiff's claims.  Plaintiff has not questioned the authenticity of the copy of the Mortgage that Defendants submitted with the Motion.  This Court therefore concludes that it may consider the Mortgage without converting the Motion into a motion for summary judgment.

clear that no amendment can cure the defects in those portions of Plaintiff's claims.  See <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").  In other words, Plaintiff does not have the Court's permission to amend the portions of her claims based on the "splitting the note" theory.

**II.  Alleged Violations of the PSA and**
**<u>    Challenges to the Assignment of the Note</u>**

Both of Plaintiff's claims also rely on her positions that the Note and Mortgage are void because of violations of the PSA and because of allegedly invalid assignments of the Note and/or Mortgage.  Plaintiff, however, does not have standing either to raise alleged violations of the PSA or to challenge the validity of the assignments.  See <u>Amina v. Bank of New York Mellon</u>, Civil No. 11-00714 JMS/BMK, 2015 WL 84760, at *8-9 (D. Hawai`i Jan. 7, 2015) ("[I]t is well-established that a borrower, who is a third party to the PSA and assignment, lacks standing to challenge their validity.").

Thus, this Court CONCLUDES that the portions of Plaintiff's claims based on alleged violations of the PSA fail to state a plausible claim for relief.  Further, this Court CONCLUDES that it is absolutely clear that no amendment can cure

the defects in these portions of Plaintiff's claims.  This Court GRANTS Defendants' Motion insofar as the portions of Plaintiff's claims based on alleged violations of the PSA are DISMISSED WITH PREJUDICE.

As to the portion of Plaintiff's claims challenging the validity of the assignments of the Note and/or Mortgage, this Court recognizes that there is a narrow exception to the general rule that a borrower – also referred to as a mortgagor – does not have standing to challenge a mortgage assignment.  If a plaintiff/borrower pleads facts in her complaint that support the application of this exception, it would allow the borrower to challenge the assignment.  This Court has stated:

> [i]n Nottage [v. Bank of New York Mellon], . . . this district court denied the defendant's motion to dismiss where the complaint asserted that, at the time of the assignment, the assignor no longer existed because it had been acquired by another entity.  [Civil No. 12-00418 JMS/BMK,] 2012 WL 5305506, at *4 [(D. Hawai`i Oct. 25, 2012)].  Similarly, in Billete [v. Deutsche Bank Nat'l Trust Co., Civil No. 13-00061 LEK-KSC, 2013 WL 2367834 (D. Hawai`i May 29, 2013)], this Court refused to dismiss the plaintiffs' claim that the assignment, subsequent foreclosure, and ejectment were invalid because the complaint alleged that the execution of the assignment occurred approximately six months after the assignor's dissolution.  2013 WL 2367834, at *7.

Lowther v. U.S. Bank N.A., 971 F. Supp. 2d 989, 1012 (D. Hawai`i 2013) (some alterations in Lowther) (some citations omitted). The reasons for the denial of the defendants' motions to dismiss in Billete and Nottage are not present in the instant case.

Plaintiff's Complaint does not contain any factual allegations to support a claim that, when First Magnus assigned Plaintiff's loan, it either did not exist or otherwise lacked standing to assign the loan.   The Complaint merely makes allegations, based on conclusory statements, that, because of the splitting of the Note and Mortgage and because of the alleged violations of the PSA, the assignments of the Note and/or Mortgage are invalid.

This Court therefore CONCLUDES that the portions of Plaintiff's claims challenging the validity oft the assignments of her Note and/or Mortgage fail to state a plausible claim for relief.   However, this Court CONCLUDES that it is arguably possible for Plaintiff to cure the defects in these portions of her claims, if she can allege facts that would support the exception – described in <u>Lowther</u> – to the general rule that a borrower does not have standing to challenge a mortgage assignment.   Defendants' Motion is GRANTED IN PART AND DENIED IN PART as to Plaintiff's claims challenging the validity of the assignments, and those portions of her claims are DISMISSED WITHOUT PREJUDICE.   In other words, Plaintiff has permission to try to amend these portions of her claims to try to fix the defects that this Court has identified in this Order.

## III. **Securitization in General and MERS's Role as Mortgagee**

Plaintiff's claims are also based upon challenges to the securitization process in general.   However, this district

court has recognized that:

> As the majority of courts have held, grievances
> regarding the securitzation [sic] process cannot
> be the basis for a cause of action.  In re
> Nordeen, 495 B.R. 468, 479 (9th Cir. BAP 2013)
> (rejecting "the idea that securitization
> inherently changes the [] existing legal
> relationship between the parties to the extent
> that the original parties cease to occupy the
> roles they did at the closing," because "the
> securitization of a loan does not in fact alter or
> affect the legal beneficiary's standing to enforce
> the deed of trust.") (citing Joyner v. Bank of Am.
> Home Loans, 2010 WL 2953969, at *1, *5, *9 (D.
> Nev. July 26, 2010) (footnote omitted));
> Rodenhurst v. Bank of Am., 773 F. Supp. 2d 886,
> 898 (D. Haw. 2011) ("The Court also rejects
> Plaintiffs' contention that securitization in
> general somehow gives rise to a cause of action —
> Plaintiffs point to no law or provision in the
> mortgage preventing this practice, and cite to no
> law indicating that securitization can be the
> basis of a cause of action.  Indeed, courts have
> uniformly rejected the argument that
> securitization of a mortgage loan provides the
> mortgagor a cause of action.")

Uy v. HSBC Bank USA, Nat'l Ass'n, Civ. No. 14-00261 HG-KSC, 2015

WL 1966689, at *5 (D. Hawai`i Apr. 30, 2015) (alteration in Uy).

     This Court agrees, and also notes that, in the

Mortgage, Plaintiff expressly agreed to grant MERS the authority

to act on behalf of First Magnus and its successors and assigns.

See Mortgage at 3 (stating that "Borrower does hereby mortgage,

grant and convey to MERS (solely as nominee for Lender and

Lender's successors and assigns) and to the successors and

assigns of MERS, with power of sale," of the Property).  Hawai`i

courts have held that similar language "empower[s] MERS to take

action, including assigning the loan."  <u>See, e.g.</u>, <u>Bank of Am.,</u>

<u>N.A. v. Reyes-Toledo</u>, No. CAAP 15-0000005, 2016 WL 1092305, at *2

(Hawai`i Ct. App. Mar. 16, 2016).

Plaintiff challenges the fact that the assignments of

the Mortgage were not recorded in the BOC.  However, as a

practical matter, recording every assignment of a mortgage

between MERS members is not necessary because of the nature of

the MERS system.  The Ninth Circuit has described how the MERS

system functions:

> MERS is a private electronic database,
> operated by MERSCORP, Inc., that tracks the
> transfer of the "beneficial interest" in home
> loans, as well as any changes in loan servicers.
> After a borrower takes out a home loan, the
> original lender may sell all or a portion of its
> beneficial interest in the loan and change loan
> servicers.  The owner of the beneficial interest
> is entitled to repayment of the loan.  For
> simplicity, we will refer to the owner of the
> beneficial interest as the "lender."  The servicer
> of the loan collects payments from the borrower,
> sends payments to the lender, and handles
> administrative aspects of the loan.  Many of the
> companies that participate in the mortgage
> industry — by originating loans, buying or
> investing in the beneficial interest in loans, or
> servicing loans — are members of MERS and pay a
> fee to use the tracking system.
>
> When a borrower takes out a home loan, the
> borrower executes two documents in favor of the
> lender: (1) a promissory note to repay the loan,
> and (2) a deed of trust, or mortgage, that
> transfers legal title in the property as
> collateral to secure the loan in the event of
> default.  State laws require the lender to record
> the deed in the county in which the property is
> located.  Any subsequent sale or assignment of the
> deed must be recorded in the county records, as

well.

    This recording process became cumbersome to the mortgage industry, particularly as the trading of loans increased.  It has become common for original lenders to bundle the beneficial interest in individual loans and sell them to investors as mortgage-backed securities, which may themselves be traded.  MERS was designed to avoid the need to record multiple transfers of the deed by serving as the nominal record holder of the deed on behalf of the original lender and any subsequent lender.

    At the origination of the loan, MERS is designated in the deed of trust as a nominee for the lender and the lender's "successors and assigns," and as the deed's "beneficiary" which holds legal title to the security interest conveyed.  If the lender sells or assigns the beneficial interest in the loan to another MERS member, the change is recorded only in the MERS database, not in county records, because MERS continues to hold the deed on the new lender's behalf.  If the beneficial interest in the loan is sold to a non-MERS member, the transfer of the deed from MERS to the new lender is recorded in county records and the loan is no longer tracked in the MERS system.

<u>Cervantes</u>, 656 F.3d at 1038-39.  Plaintiff has not identified, nor is this Court aware of any, Hawai`i statute or case law that requires every assignment of a recorded mortgage to be recorded, even where the lender's nominee – in this case, MERS – has not changed.

    This Court CONCLUDES that the portion of Plaintiff's claims challenging the securitization process in general and MERS's role as mortgagee fail to state a plausible claim for relief.  Further, this Court CONCLUDES that it is absolutely clear that no amendment can cure the defects in these portions of

Plaintiff's claims.  This Court GRANTS Defendants' Motion insofar as Plaintiff's claims challenging the securitization process in general and MERS's role as mortgagee are DISMISSED WITH PREJUDICE.

## IV.  **Notice to Plaintiff**

Finally, Plaintiff alleges that Defendants breached the Note and Mortgage by failing to provide her with required notices, including "by failing to notify Plaintiff of the change in ownership of the Note and Mortgage."  [Complaint at ¶ 153.] Plaintiff also seeks a declaratory judgment that the Mortgage is not enforceable because of these breaches.

Turning to Plaintiff's breach of contract claim, this Court has stated:

> To state a claim for breach of contract, a plaintiff must plead: (1) the contract at issue; (2) the parties to the contract; (3) whether plaintiff performed under the contract; (4) the particular provision of the contract allegedly violated by [d]efendant; and (5) when and how [d]efendant allegedly breached the contract.

Leff v. Bertozzi Felice Di Giovanni Rovai & C. Srl, CIVIL NO. 15-00176 HG-RLP, 2015 WL 9918660, at *5 (D. Hawai`i Dec. 30, 2015) (alterations in Leff) (citations and internal quotation marks omitted), report and recommendation adopted, 2016 WL 335850 (D. Hawai`i Jan. 26, 2016).

Plaintiff has specifically alleged that Defendants violated paragraph twenty of the Mortgage, although she made that

allegation in the context of her splitting the note argument.
[Complaint at ¶ 69.]   However, liberally construed, Plaintiff's
Complaint also alleges that the failure to provide her with
proper notices of changes in the ownership of her loan.[6]
Paragraph twenty states, in pertinent part:

> 20. Sale of Note; Change of Loan Servicer;
> Notice of Grievance.  The Note or a partial
> interest in the Note (together with this Security
> Instrument) can be sold one or more times without
> prior notice to Borrower.  A sale might result in
> a change in the entity (known as the "Loan
> Servicer") that collects Periodic Payments due
> under the Note and this Security Instrument and
> performs other mortgage loan servicing obligations
> under the Note, this Security Instrument, and
> Applicable Law.  There also might be one or more
> changes of the Loan Servicer unrelated to a sale
> of the Note.  If there is a change of the Loan
> Servicer, Borrower will be given written notice of
> the change which will state the name and address
> of the new Loan Servicer, the address to which
> payments should be made and any other information
> [the Real Estate Settlement and Procedures Act]
> requires in connection with a notice of transfer
> of servicing.  If the Note is sold and thereafter
> the Loan is serviced by a Loan Servicer other than
> the purchaser of the Note, the mortgage loan
> servicing obligations to Borrower will remain with
> the Loan Servicer or be transferred to a successor
> Loan Servicer and are not assumed by the Note
> purchaser unless otherwise provided by the Note
> purchaser.

---

[6] This Court must liberally construe Plaintiff's pleadings
because she is proceeding pro se.  See, e.g., Eldridge v. Block,
832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has
instructed the federal courts to liberally construe the 'inartful
pleading' of pro se litigants." (citing Boag v. MacDougall, 454
U.S. 364, 365, 102 S. Ct. 700, 701, 70 L. Ed. 2d 551 (1982) (per
curiam))).

[Mortgage at 12.]  Thus, if the change in the ownership of Plaintiff's loan also resulted in a change in Plaintiff's loan servicer, and Defendants failed to provide her with the required notices, she may be able to allege a plausible breach of contract claim.  Plaintiff's Complaint, however, does not contain specific factual allegations regarding the circumstances of Defendants' alleged breach of paragraph twenty.  To the extent that Plaintiff's breach of contract claim is based on upon the alleged failure to provide notices of the changes in the ownership of her loan, the Complaint fails to plead sufficient facts to support a plausible claim for relief.

To the extent that Plaintiff's breach of contract claim is based upon the alleged failure to provide other types of notices that the Note and/or Mortgage required, the claim fails because Plaintiff has not pled any facts regarding the circumstances of those portions of the claim, and because she has not identified the particular provisions that Defendants allegedly breached.  For the same reasons that the portions of Plaintiff's breach of contract claim based on the alleged failure to provide required notices fail, the portions of her claim for declaratory relief is based upon the same allegations also fail to state a plausible claim for relief.

This Court GRANTS Defendants' Motion insofar as the portions of Plaintiff's claims based on the alleged failure to

18

provide required notices are DISMISSED.  The Motion is DENIED

insofar as this dismissal is WITHOUT PREJUDICE because this Court

CONCLUDES that it is arguably possible for Plaintiff to cure the

defects in these portions of her claims by amendment.

## V.   <u>Attempts to Allege Other Claims</u>

This Court recognizes that Plaintiff may have intended

to allege other claims – or other theories supporting her breach

of contract claim and/or her declaratory relief claim – besides

those specifically addressed in this Order.  However, even

liberally construing Plaintiff's Complaint, this Court cannot

discern a factual or legal basis for any claims or theories of

liability besides those previously discussed in this Order.  This

Court therefore does not construe the Complaint as alleging any

other claims besides the breach of contract claim and the

declaratory relief claim, and this Court does not construe the

Complaint as alleging any other theories of liability supporting

those two claims besides the theories specifically addressed in

this Order.

## VI.   <u>Summary and Leave to Amend</u>

Defendants' Motion is GRANTED insofar as all portions

of Plaintiff's Complaint are HEREBY DISMISSED.  The Motion is

DENIED insofar as the following portions of Plaintiff's breach of

contract claim and her declaratory relief claim are DISMISSED

WITHOUT PREJUDICE: 1) the portions of her claims challenging the

validity of the assignments of her loan; and 2) the portions of her claims based on the alleged failure to provide her with notices required under the Note and/or Mortgage.  The Motion is GRANTED insofar as all other portions of Plaintiff's Complaint are DISMISSED WITH PREJUDICE.

This Court will allow Plaintiff to file a motion for leave to file an amended complaint reasserting the claims that this Court dismissed without prejudice.  Plaintiff must attach a copy of her proposed amended complaint to the motion for leave to file an amended complaint.  See Local Rule LR10.3 ("Any party filing or moving to file an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court.").  This Court ORDERS Plaintiff to file her motion for leave to file an amended complaint by **July 5, 2016**.  The motion will be referred to the magistrate judge.

This Court CAUTIONS Plaintiff that, if she fails to file her motion for leave to file an amended complaint by **July 5, 2016**, all of the claims that this Court dismissed without prejudice in this Order will be dismissed with prejudice, and this Court will direct the Clerk's Office to issue the final judgment and close the case.  In other words, Plaintiff would have no remaining claims in this case.  This Court also CAUTIONS Plaintiff that, even if the magistrate judge allows Plaintiff to

file her proposed amended complaint, as to any claim that this Order dismissed without prejudice, the corresponding amended claim may be dismissed with prejudice if the amended claim fails to cure the defects identified in this Order.

<u>CONCLUSION</u>

On the basis of the foregoing, Defendants' Motion to Dismiss Complaint Filed January 13, 2016, which Defendants filed on March 28, 2016, is HEREBY GRANTED IN PART AND DENIED IN PART, as set forth *supra* Discussion Section VI.  Plaintiff must file her motion for leave to file an amended complaint by **July 5, 2016**, and the motion must comply with the rulings in this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 2, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DARYL JEAN KATSUKO WHITTINGTON VS. THE BANK OF NEW YORK MELLON, ET AL; CIVIL 16-00014 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS COMPLAINT FILED JANUARY 13, 2016**