IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DARYL JEAN KATSUKO WHITTINGTON, | ) ) ) | CIVIL 16-00014 LEK-KSC |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| THE BANK OF NEW YORK MELLON FKA BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2005-24, MORTGAGE PASS-THROUGH 2005-24, SHELLPOINT MORTGAGE SERVICING, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR**
**<u>RELIEF FROM JUDGMENT TO REOPEN CASE</u>**

Before the Court is pro se Plaintiff Daryl Jean Katsuko Whittington's ("Plaintiff") Motion for Relief from Judgment to Reopen Case ("Rule 60 Motion"), filed on February 22, 2017. [Dkt. no. 41.] The Court has considered the Rule 60 Motion as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Rule 60 Motion and the relevant legal authority, Plaintiff's motion is HEREBY DENIED for the reasons set forth below.

**DISCUSSION**

The Judgment in a Civil Case ("Judgment") was entered on November 1, 2016.  [Dkt. no. 40.]  In the Rule 60 Motion, Plaintiff seeks relief from the Judgment and asks this Court to reopen her case pursuant to Fed. R. Civ. P. 60(b)(1), which states: "On motion and just terms, the court may relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[.]"

Plaintiff argues that there was "an inadvertent and excusable 'mistake'" because she "failed to file a motion for leave to file an amended complaint, and instead filed the First Amended Complaint."  [Rule 60 Motion at 2.[1]]

On June 2, 2016, this Court issued the Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Complaint Filed January 13, 2016 ("6/2/16 Order").[2]  [Dkt. no. 26.]  The 6/2/16 Order dismissed some of Plaintiff's claims with prejudice and dismissed some without prejudice.  As to the claims

---

[1] Plaintiff's Rule 60 Motion does not have page numbers. The page number in this Court's citations to the Rule 60 Motion refer to the page numbers assigned to the document in the district court's electronic case filing system.

[2] Defendants The Bank of New York Mellon, formerly known as Bank of New York, as trustee for the Certificate Holders of CWMBS, Inc., CHL Mortgage Pass-Through Certificates, Series 2005-24; New Penn Financial LLC, doing business as Shellpoint Mortgage Servicing; and Mortgage Electronic Registration Systems, Inc. (all collectively "Defendants") filed their motion to dismiss on March 28, 2016.  [Dkt. no. 7.]

dismissed without prejudice, the 6/2/16 Order allowed Plaintiff to file a motion seeking leave to file an amended complaint.

On July 5, 2016, Plaintiff filed a document titled "Plaintiff's First Amended Complaint." [Dkt. no. 27.] As stated in this Court's October 11, 2016 Order Dismissing Case with Prejudice ("10/11/16 Order"), [dkt. no. 36,] the magistrate judge construed Plaintiff's document as a motion for leave to file an amended complaint ("Motion for Leave") and held a hearing on the motion, but ultimately denied the Motion for Leave because of Plaintiff's failure to include a copy of the proposed amended complaint.[3] This Court noted that Plaintiff did not file a motion asking the magistrate judge to reconsider the 9/13/16 Order, nor did she file an appeal of that order to this Court. [10/11/16 Order at 2-3.] The 10/11/16 Order directed the Clerk's Office to close the case on November 1, 2016, unless Plaintiff filed a motion for reconsideration of the 10/11/16 Order by October 28, 2016. [Id. at 4.]

Plaintiff did not file a motion for reconsideration of the 10/11/16 Order, but she did file a motion for reconsideration of the magistrate judge's 9/13/16 Order ("10/12/16 Motion for Reconsideration"). [Filed 10/12/16 (dkt. no. 37).] Plaintiff

---

[3] The minutes of the hearing on the Motion for Leave is docket number 34, and the magistrate judge's September 13, 2016 order denying the Motion for Leave ("9/13/16 Order") is docket number 35.

argued that the document she filed on July 5, 2016 was in fact her amended complaint. The magistrate judge denied Plaintiff's 10/12/16 Motion for Reconsideration stating, in part:

> To comply with the [6/2/16] Order and the applicable rules, Plaintiff was required to file a motion for leave to file an amended complaint and a proposed amended complaint. Neither a motion, nor an amended complaint, standing alone, would have sufficed. There would be no operative pleading in this case whether this Court construed Plaintiff's document as an amended complaint or as a motion for leave to file an amended complaint.

[Order Denying Plaintiff's Motion for Reconsideration as to Denial of Amended Complaint, filed 10/14/16 (dkt. no. 38) ("10/14/16 Order"), at 5.] Plaintiff did not file an appeal to this Court of the magistrate judge's 10/14/16 Order.

In the Rule 60 Motion, Plaintiff states that she did not understand the requirement to file both a motion for leave and a proposed amended complaint. She argues that, in light of her pro se status, this was a reasonable, inadvertent, or excusable mistake which warrants Rule 60(b)(1) relief. She argues that this Court should grant the Rule 60 Motion and allow her to file a complete motion for leave with a proposed amended complaint. This Court CONCLUDES that this argument is not grounds for Rule 60(b)(1) relief because Plaintiff could have raised it in either a motion asking the magistrate judge to reconsider 9/13/16 Order or in an appeal to this Court of the magistrate judge's 9/13/16 Order. Plaintiff did file the

4

10/12/16 Motion for Reconsideration, which asked the magistrate judge to reconsider the 9/13/16 Order, but she did not raise the mistake argument.  Plaintiff could have raised the mistake argument before this Court in either an appeal from the magistrate judge's 9/13/16 Order, a motion for reconsideration of this Court's 10/11/16 Order, or an appeal from the magistrate judge' 10/14/16 Order.  However, Plaintiff did not file any of those.  This Court therefore CONCLUDES that she has not established any ground that warrants Rule 60(b)(1) relief from the Judgment.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion for Relief from Judgment to Reopen Case, filed February 22, 2017, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 24, 2017.



 /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DARYL JEAN KATSUKO WHITTINGTON VS. THE BANK OF NEW YORK MELLON, ET AL; CIVIL 16-00014 LEK-KSC; ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT TO REOPEN CASE**

5